UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

DELINDA GIRALDO                                          **COMPLAINT**

                                 Plaintiff,        **JURY DEMAND**

      -against-

THE CITY OF NEW YORK; JAMES P. O'NEILL, as Police
Commissioner, Police Department City of New York; JOSEPH
REZNICK, as Deputy Commissioner, Internal Affairs Bureau;
RAUL RODRIGUEZ, as Detective and MICHAEL MARTINEZ,
as Police Officer, each sued individually and in their official
capacities as employees of defendant THE CITY OF NEW YORK

                             Defendants'
-------------------------------------------------------------------------x

      The plaintiff, DELINDA GIRALDO through her attorney THE SANDERS FIRM, P.C.,

files this federal complaint against defendants' THE CITY OF NEW YORK; JAMES P.

O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ respectfully

set forth and allege that:

## INTRODUCTION

      This is an action on behalf of the plaintiff DELINDA GIRALDO, (hereinafter referred to

as "plaintiff") alleging her statutory rights as an employee and citizen were violated due to

defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JOSEPH REZNICK; RAUL

RODRIGUEZ and MICHAEL MARTINEZ'S gender discrimination.

## JURISDICTION AND VENUE

      1.    The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§

1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

          a.    the Civil Rights Act of 1871, 42 U.S.C. § 1983;

          b.    New York State Executive Law § 296; and

c.      New York City Administrative Code § 8-107

2.      The unlawful employment practices, violations of plaintiff's civil rights complained of herein were committed within the Eastern and Southern Districts of New York.

## PROCEDURAL REQUIREMENTS

3.      Plaintiff has filed suit with this Court within the applicable statute of limitations period.

4.      Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

## PLAINTIFF

5.      Plaintiff DELINDA GIRALDO is a female citizen of the United States of America, over twenty-one (21) years of age and resident of Westchester county.

## DEFENDANTS'

6.      Defendant THE CITY OF NEW YORK is a municipal corporation and at all relevant times plaintiff's employer, with its central officers in the county of New York, and diverse other offices and facilities throughout the world.

7.      Defendant JAMES P. O'NEILL, as Police Commissioner, Police Department City of New York.

8.      Defendant JOSEPH REZNICK, as Deputy Commissioner, Internal Affairs Bureau.

9.      Defendant RAUL RODRIGUEZ, as Detective.

10.     Defendant MICHAEL MARTINEZ, as Police Officer.

## BACKGROUND

11.     Plaintiff alleges that in January 2013 she received her appointment as a police officer for the Police Department City of New York.

12.     Plaintiff alleges that prior to her appointment she served honorably in several male dominated careers.

13.     Plaintiff alleges that she served as Senior Airman (E-4) from July 19, 2005 through July 19, 2009, with United States Air Force Security Forces with security clearance.

14.     Plaintiff alleges that she was assigned to the former McGuire Air Base aka Joint Base McGuire-Dix-Lakehurst in Trenton, New Jersey.

15.     Plaintiff alleges that after honorably discharged, she received her appointment from November 2009 through December 2010, as a contract Federal Officer (Military Police with security clearance) with the United States Army.

16.     Plaintiff alleges that shortly thereafter she received her appointment from December 2010 through January 2013, to the Federal Bureau of Prison, Metropolitan Detention Center in Brooklyn, New York as a Correction Officer.

17.     Plaintiff alleges that prior to her various appointments, she was the victim of numerous counts of Sexual Abuse in the First Degree and other related sexual offenses from the age five (5) throughout her childhood perpetrated by male family member.

18.     Plaintiff alleges that her mother failed to protect her.

19.     Plaintiff alleges that since childhood she consistently sought the approval and safety of male figures with power and authority.

20.     Plaintiff alleges that because of these and other childhood traumas, she suffers from post-traumatic stress disorder (PTSD) and thus throughout her life she has been unable to 'consent' to appropriate meaningful and lasting personal relationships.

21.     Plaintiff alleges that defendant MICHAEL MARTINEZ is fully aware of this historical information.

22.    Plaintiff alleges that defendant MICHAEL MARTINEZ, using his position of power and authority as a police officer with the Police Department City of New York, physically and mentally abused her and other females as well.

23.    Plaintiff alleges that defendant THE CITY OF NEW YORK knows about defendant MICHAEL MARTINEZ'S and other male officers' physical, mental abuses and sexual exploitations of women but do nothing to protect them.

24.    Plaintiff alleges that from January 2015 through this day, she suffers in silence; mistreated as a female member of the Police Department City of New York.

25.    Plaintiff alleges that throughout her tenure from January 2015 through this day, she experienced several unwanted sexual advances from male officers of the police department.

26.    Plaintiff alleges that when she rejected such unwanted sexual advances, she received lower evaluations, undesirable assignments, etc.

27.    Plaintiff alleges that from April 2015 to this day, defendant MICHAEL MARTINEZ, a married man, who was fully aware of her history of physical and mental abuse, allegedly physically and mentally abused her; using her for his sexual gratification.

28.    Plaintiff alleges that over the years defendant MICHAEL MARTINEZ allegedly strangled her, broke her nose, fractured her arm, called her harmful names such as 'prostitute' and caused her to experience several aborted pregnancies.

29.    Plaintiff alleges that she suffered in silence as she tried to leave the 'relationship' on several occasions but each time defendant MICHAEL MARTINEZ threated to physically harm her, shame her by publicizing private personal videos and pictures he stole from her.

30.    Plaintiff alleges that she recently learned defendant MICHAEL MARTINEZ engaged in similar conduct with a female known to her and the police department.

31.     Plaintiff alleges that after this female victim contacted her she learned defendant MICHAEL MARTINEZ repeatedly physically, mentally abused her and sexually assaulted her over a period of thirteen (13) years.

32.     Plaintiff alleges that she also learned this female victim claimed defendant MICHAEL MARTINEZ coerced her into assisting him with completing several crimes including thefts, frauds and 'straw' purchases of illegal firearms.

33.     Plaintiff alleges that although this female victim was afraid she reluctantly disclosed most of this information to police investigators including the contact information for defendant MICHAEL MARTINEZ'S other female victim.

34.     Plaintiff alleges that despite receiving several Temporary Orders of Protections against defendant MICHAEL MARTINEZ, through 'falsely' created social media profiles on Twitter, Facebook, Instagram, etc., he mentally tortured her by posting stolen personal videos without her authorization and consent.

35.     Plaintiff alleges that these stolen personal videos are more than ten (10) years old created prior to her appointment as a police officer.

36.     Plaintiff alleges that on or about July 4, 2017, around 2230 hours defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL and JOSEPH REZNICK sent investigators from the Internal Affairs Bureau to her home, transporting her to the NYPD Medical Division 'forcing' under threat of suspension to submit hair and urine samples for drug analysis based on 'cause.'

37.     Plaintiff alleges that according to the investigators, defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL and JOSEPH REZNICK determined the 'cause' were the stolen personal videos posted on Twitter, Facebook, Instagram, etc. and published throughout the

media.

38.     Plaintiff alleges that on or about July 5, 2017, defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL and JOSEPH REZNICK suspended her without pay.

39.     Plaintiff alleges that Defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL and JOSEPH REZNICK took no action against Defendant MICHAEL MARTINEZ.

40.     Plaintiff alleges that on or about July 6, 2017, through counsel she was able to interview her previous supervisor while enlisted in the United States Air Force assigned to the Security Force, McGuire aka Joint McGuire-Dix-Lakehurst as an E-4.

41.     Plaintiff alleges that Former Master Sergeant E-7 Jay Matthias confirmed the stolen personal videos posted without her consent via several social media channels and republished throughout the media are in fact old when she was 18/19 years old in the military.

42.     Plaintiff alleges that through counsel, she demanded Defendants' THE CITY OF NEW YORK and JAMES P. O'NEILL to immediately reinstate her with all pay and benefits retroactive consistent with Borges v. McGuire 107 A.D.2d 492 (1985)

http://www.leagle.com/decision/1985599107AD2d492_1521/BORGES%20v.%20McGUIRE

43.     Plaintiff alleges that since she's the victim of domestic violence and Defendants' THE CITY OF NEW YORK and JAMES P. O'NEILL failed to follow paragraph (c) of subdivision 4 of Section 140.10 of the Criminal Procedure Law (Primary Physical Aggressor), Defendants' THE CITY OF NEW YORK and JAMES P. O'NEILL's repeated suspensions, modifications and drug testing for cause are violative of federal and state human rights laws particularly New York City Administrative Code § 8-107.1 (3) . See Matter of Reynolds v. Fraser 2004 NY Slip Op 24352 [5 Misc. 3d 758] September 24, 2004

http://law.justia.com/cases/new-york/other-courts/2004/2004-24352.html

44.     Plaintiff alleges that Defendant RAUL RODRIGUEZ had direct knowledge she was the victim of domestic related crimes, failed to take police action and notify the Internal Affairs Bureau.

45.     Plaintiff alleges that throughout her 'relationship' with Defendant MICHAEL MARTINEZ, Defendant RAUL RODRIGUEZ had direct knowledge that Defendant MICHAEL MARTINEZ aka Michael Steven Hosepdales-Martinez fractured her nose and beat about her body.

46.     Plaintiff alleges that on or about June 17, 2016, she sent Defendant RAUL RODRIGUEZ several bloody pictures establishing the serious injuries sustained to her face and body.

47.     Plaintiff alleges that later in the morning, Defendant RAUL RODRIGUEZ traveled to her home that she shared with Defendant MICHAEL MARTINEZ and he admitted fracturing her nose along with the other injuries.

48.     Plaintiff alleges that Defendant RAUL RODRIGUEZ knew about the numerous other times as well including when Defendant MICHAEL MARTINEZ choked her in the Bronx.

49.     Plaintiff alleges that throughout the physical and mental abuse, she sent numerous pictures and videos to Defendant RAUL RODRIGUEZ yet, he never took any police actions to help her or notify the Internal Affairs Bureau.

50.     Plaintiff alleges that on or about July 6, 2017, through counsel Ms. Sara M. Matsoukas relayed information about the background history of Defendant MICHAEL MARTINEZ.

51.     Plaintiff alleges that during the interview, Ms. Matsoukas disclosed Defendant RAUL RODRIGUEZ told her several months ago Defendant MICHAEL MARTINEZ admitted

to him that he was in possession of her stolen private files. (Defendant RAUL RODRIGUEZ failed to take proper police action and notify Internal Affairs).

52.    Plaintiff alleges that Ms. Matsoukas also disclosed Defendant RAUL RODRIGUEZ claims that Twitter Handles: SteveyB8670 and Rudy8415 are probably Defendant MICHAEL MARTINEZ.

53.    Plaintiff alleges that Ms. Matsoukas disclosed Defendant RAUL RODRIGUEZ claims Defendant MICHAEL MARTINEZ has done similar things like this to other women including his daughter.

54.    Plaintiff alleges that having 'probable cause,' she demanded Defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL and JOSEPH REZNICK to immediately arrest and suspend Defendants' MICHAEL MARTINEZ and RAUL RODRIGUEZ.

55.    Plaintiff alleges that Defendants MICHAEL MARTINEZ and RAUL RODRIGUEZ committed crimes related to Grand Larceny, Criminal Contempt, Criminal Facilitation, Witness Tampering, Criminal Possession of Stolen Property and Aggravated Harassment.

56.    Plaintiff alleges that Defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL and JOSEPH REZNICK took no action against Defendants' MICHAEL MARTINEZ and RAUL RODRIGUEZ.

57.    Plaintiff alleges that since her complaints relate to members of the department including Defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JOSEPH REZNICK and other high-ranking members authorizing employment actions against her inconsistent with prevailing law, she demanded Defendant JAMES P. O'NEILL to conflict these matters out of the agency to the Department of Investigation for investigation and review.

58.     Plaintiff alleges that upon information and belief, Defendants' THE CITY OF NEW YORK and JAMES P. O'NEILL never conflicted her complaints out of the agency to the Department of Investigation for investigation and review.

59.     Plaintiff alleges that since January 2015, despite notifying the Internal Affairs Bureau of the information, Defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL and JOSEPH REZNICK have failed to arrest and/or suspend Defendants MICHAEL MARTINEZ and RAUL RODRIGUEZ, issue her a Log No., or restore her back to FULL DUTY with all retroactive pay and benefits.

## VIOLATIONS AND CLAIMS ALLEGED
### COUNT I
### GENDER DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

60.     Plaintiff re-alleges Paragraphs 1 through 59 and incorporates them by reference as Paragraphs 1 through 59 of Count I of this Complaint.

61.     Plaintiff alleges defendants' JAMES P. O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her from January 2015.

62.     Plaintiff defendants' JAMES P. O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ caused her to suffer significant legal costs, emotional distress, and damage to her personal and professional reputation.

### COUNT II
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

63.     Plaintiff re-alleges Paragraphs 1 through 62 and incorporates them by reference as Paragraphs 1 through 62 of Count II of this Complaint.

64.      Plaintiff alleges defendants' JAMES P. O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ acted in an outrageous and systemic pattern of gender discrimination, hostility, oppression, bad faith and cover-up, directed at her from around January 2015.

65.      Plaintiff alleges defendants' JAMES P. O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ caused her to incur significant legal costs, emotional distress, and damage to her personal and professional reputation.

## COUNT III
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

66.      Plaintiff re-alleges Paragraphs 1 through 65 and incorporates them by reference as Paragraphs 1 through 65 of Count III of this complaint

67.      Plaintiff alleges defendants' JAMES P. O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ engaged in various retaliatory actions against her acting individually and in their official capacities as public officials of defendant THE CITY OF NEW YORK because of her opposition to gender discrimination.

68.      Plaintiff alleges that the purpose of defendants' JAMES P. O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ in so acting was to prevent her, through economic and psychological intimidation, from seeking the equal protection of the laws.

69.      Plaintiff alleges that pursuant to their conduct defendants' JAMES P. O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ acted to deprive her of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threats.

70.      Plaintiff alleges that because of the previously mentioned acts, depriving her of her civil rights, she suffered mental anguish, emotional distress, and loss of employment

opportunities.

## COUNT IV
## MONELL CLAIM
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

71.     Plaintiff re-alleges Paragraphs 1 through 70 and incorporates them by reference as Paragraphs 1 through 70 of Count IV of this Complaint.

72.     Plaintiff alleges defendant THE CITY OF NEW YORK through its agents caused her injuries.

73.     Plaintiff alleges defendant THE CITY OF NEW YORK actions of implementing 'official and un-official' policies of supporting gender discrimination under color of law.

74.     Plaintiff alleges defendant THE CITY OF NEW YORK through its agents deprived her of her constitutional and statutory rights.

75.     Plaintiff alleges defendant THE CITY OF NEW YORK through its agent's actions caused her injuries.

76.     Plaintiff alleges defendant THE CITY OF NEW YORK through its agents caused her to sustain damages.

## COUNT V
## FAILURE TO TRAIN
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

77.     Plaintiff re-alleges Paragraphs 1 through 76 and incorporates them by reference as Paragraphs 1 through 76 of Count V of this Complaint.

78.     Plaintiff alleges defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront a given situation.

79.     Plaintiff alleges that the situation either presents the employee with a difficult

choice of the sort that training will make less difficult or that there is a history of employees mishandling the situation.

80.     Plaintiff alleges that mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

81.     Plaintiff alleges that as a result of defendant THE CITY OF NEW YORK'S failure to train its employees she sustained constitutional and statutory injuries.

## COUNT VI
## FAILURE TO SUPERVISE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

82.     Plaintiff re-alleges Paragraphs 1 through 81 and incorporates them by reference as Paragraphs 1 through 81 of Count VI of this Complaint.

83.     Plaintiff alleges defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront a given situation.

84.     Plaintiff alleges that the situation either presents the employee with a difficult choice of the sort that supervision will make less difficult or that there is a history of employees mishandling the situation.

85.     Plaintiff alleges that mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

86.     Plaintiff alleges that as a result of defendant THE CITY OF NEW YORK'S failure to supervise its employees she sustained constitutional and statutory injuries.

## COUNT VII
## FAILURE TO DISCIPLINE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

87.     Plaintiff re-alleges Paragraphs 1 through 86 and incorporates them by reference as

Paragraphs 1 through 86 of Count VII of this Complaint.

88.    Plaintiff alleges defendant THE CITY OF NEW YORK knows to a moral certainty that its employees will confront a given situation.

89.    Plaintiff alleges that the situation presents the employee with a difficult choice of the sort either that discipline will make less difficult or that there is a history of employees mishandling the situation.

90.    Plaintiff alleges that mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

91.    Plaintiff alleges that as a result of defendant THE CITY OF NEW YORK'S failure to discipline its employees she sustained constitutional and statutory injuries.

**COUNT VIII**
**GENDER DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

92.    Plaintiff re-alleges Paragraphs 1 through 91 and incorporates them by reference as Paragraphs 1 through 91 of Count VIII of this Complaint.

93.    Plaintiff alleges the New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

94.    Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ discriminated against her because of her gender.

95.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of THE CITY OF NEW YORK, she suffered the indignity of gender discrimination and great humiliation.

13

96.     Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

**COUNT IX**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

97.     Plaintiff alleges Paragraphs 1 through 96 and incorporates them by reference as Paragraph 1 through 96 of Count IX of this Complaint.

98.     Plaintiff alleges the New York State Executive Law § 296 makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

99.     Plaintiff alleges that the law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

100.    Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ engaged in various hostile actions against her because of her opposition to gender discrimination.

101.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ she suffered the indignity of gender discrimination and great humiliation.

102.    Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT X
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

103.    Plaintiff re-alleges Paragraph 1 through 102 and incorporates them by reference as Paragraph 1 through 102 of Count X of this Complaint.

104.    Plaintiff alleges the New York State Executive Law § 296 makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

105.    Plaintiff alleges the law makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

106.    Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ engaged in various hostile actions against her because of her opposition to gender discrimination.

107.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ she suffered the indignity of gender discrimination and great humiliation.

108.    Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT XI
## GENDER DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

109.    Plaintiff re-alleges Paragraphs 1 through 108 and incorporates them by reference

as Paragraphs 1 through 108 of Count XI of this Complaint.

110.    Plaintiff alleges New York City Administrative Code § 8-107, makes it unlawful
to discriminate against any individual in the terms, conditions, or privileges of employment
because of their gender.

111.    Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL;
JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ discriminated against
her because of her gender.

112.    Plaintiff alleges that as a direct and proximate result of the unlawful employment
practices of defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JOSEPH
REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ she suffered the indignity of
gender discrimination and great humiliation.

113.    Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL;
JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ'S violations caused her
mental anguish, emotional distress, and loss of employment opportunities.

**COUNT XII**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

114.    Plaintiff re-alleges Paragraphs 1 through 113 and incorporates them by reference
as Paragraphs 1 through 113 of Count XII of this Complaint.

115.    Plaintiff alleges the New York City Administrative Code § 8-107, makes it
unlawful to discriminate against any individual in the terms, conditions, or privileges of
employment because of their gender.

116.    Plaintiff alleges that the law also makes it unlawful to create an atmosphere where
hostilities are encouraged and/or tolerated.

117.    Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ engaged in various hostile actions against her.

118.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ she suffered the indignity of gender discrimination.

**COUNT XIII**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

119.    Plaintiff re-alleges Paragraph 1 through 118 and incorporates them by reference as Paragraph 1 thorough 118 of Count XIII of this Complaint.

120.    Plaintiff alleges the New York City Administrative Code § 8-107 makes it unlawful to discriminate against any individual in terms, conditions, or privilege of employment because of their gender.

121.    Plaintiff alleges the law makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated.

122.    Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ engaged in various hostile actions against her because of her opposition to gender discrimination.

123.    Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ she suffered the indignity of gender discrimination and great humiliation.

124.    Plaintiff alleges defendants' THE CITY OF NEW YORK; JAMES P. O'NEILL;

JOSEPH REZNICK; RAUL RODRIGUEZ and MICHAEL MARTINEZ'S violations caused her

mental anguish, emotional distress, and loss of employment opportunities.

<strong><u>JURY TRIAL</u></strong>

125.    Plaintiff demands a trial by jury of all issues in this action that are so triable.

<strong><u>PRAYER FOR RELIEF</u></strong>

Wherefore, plaintiff demands compensatory and punitive damages from defendants' THE

CITY OF NEW YORK; JAMES P. O'NEILL; JOSEPH REZNICK; RAUL RODRIGUEZ and

MICHAEL MARTINEZ jointly and severally, in an amount to be determined at trial, plus any al

available statutory remedies, both legal and equitable, and interests and costs.

Dated:  September 22, 2018
New York, N.Y.

Respectfully submitted,

By:    _____
       Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, N.Y. 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com